# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANOTONIO JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | **2:17-CV-01570-AKK** |
| **SAVAGE SERVICES** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Antonio Jones filed this lawsuit against Savage Services Corporation ("SSC") alleging race discrimination, harassment, hostile work environment, and retaliation claims under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. § 2000e-2, and Section 1981 of the Civil Rights Act of 1866 as amended, 42 U.S.C. § 1981. Doc. 1. Before the court is SSC's motion to dismiss Jones' complaint due to circumstances implicating the equitable principles of judicial estoppel and subject matter jurisdiction.[1] Doc. 24. The motion to dismiss is fully briefed and ripe for review, docs. 24 and 26, and is due to be granted in part.

### I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss based on the defense that the court lacks subject-matter jurisdiction. Fed. R. Civ.

---

[1] Jones subsequently filed a motion to amend, doc. 28, to address the judicial estoppel and jurisdiction issues SSC raises in its motion to dismiss.

P. 12(b)(1).  Rule 12(b)(1) motions come in two forms—facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  When deciding a factual challenge, the court may hear conflicting evidence and decide the factual issues that bear on jurisdiction. *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991).  In other words, "when a defendant properly [raises a factual] challenge[ ] [to] subject matter jurisdiction under Rule 12(b)(1) … 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional issue.'" *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (quoting *Lawrence*, 919 F.2d at 1529). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

However, the court "should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action.'" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)).  Instead, "[w]hen the jurisdictional basis of a claim is intertwined with the merits, the district court should apply a Rule 56 summary judgment standard when ruling on a motion to dismiss which asserts a factual attack on subject matter jurisdiction." *Lawrence*, 919 F.2d at 1530.

This approach is designed "'to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial.'" *Garcia,* 104 F.3d at 1261 (quoting *Williamson v. Tucke*r, 645 F.2d 404, 416 (5th Cir. 1981)). Thus, "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction," at least when the jurisdictional challenge is intertwined with the substantive merits of the action. *Id.* at 1260. Here, SSC's motion relies on evidence outside the pleadings, and the court construes its jurisdictional challenge as factual.

## II. FACTUAL BACKGROUND

Jones, who is African American, has worked since June 2012 at SSC. Doc. 1 at 3. His workplace trainer Randy Brisco, who is white, allegedly made disparaging comments about African American churches and conveyed his preference for hiring white applicants. *Id.* at 4. Jones complained about these comments to his General Manager apparently to no avail. *Id.* at 5. In June 2015, after Russ Shinert became the new General Manager, Jones again complained about Brisco and attempted unsuccessfully to contact SSC's corporate office after Shinert took no action. *Id.* That same month, SSC instructed Jones to sign a "responsibilities duties form" following a complaint by Brisco that Jones was purportedly leaving trucks without fuel. *Id.* at 6. Roughly a month later, SSC discharged Jones for "stealing time." *Id.* at 7-8. Jones disputes this allegation, contending that Brisco, who is responsible for time cards, never raised any issues about time entries with Jones. *Id.* Jones subsequently filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC"). Doc. 1 at 3.

Nearly a year after filing his EEOC charge, Jones filed a Chapter 13 Voluntary Petition. Doc. 24-1. In response to the required disclosure of assets, liabilities, and creditors, Jones declared under the penalty of perjury that he was not a party in any lawsuit, court action, or administrative proceeding and that he had no claims against third parties, including lawsuits, employment disputes, or rights to suits. Doc. 24-1 at 14, 32. Approximately a year after the bankruptcy filing, the EEOC issued Jones a notice of right to sue, and Jones filed this lawsuit on the day after the bankruptcy court confirmed his Chapter 13 bankruptcy plan.[2] Docs. 1; 24-2 at 12.

### III. ANALYSIS

SSC raises two arguments in support of dismissal: (1) that Jones is judicially estopped from pursuing this lawsuit in light of his failure to disclose it as an asset in his bankruptcy case, doc. 24 at 5-13, and (2) that Jones lacks judicial standing because only his bankruptcy trustee can pursue legal claims that are the property of the bankruptcy estate, *id.* at 13-15. In response, Jones acknowledges his failure to disclose and asks to amend his bankruptcy filings to reflect his EEOC charge and

---

[2] The confirmation of a bankruptcy plan does not mean that the bankruptcy case has been discharged. *See* 11 U.S.C. § 1328(h). Jones' Chapter 13 bankruptcy docket, doc. 24-1, indicates that his case was pending at the time that he filed this lawsuit. Although his amended bankruptcy plan was approved September 22, 2017 and later settled on March 21, 2018, Jones has offered no indication that his bankruptcy case has since been discharged as of the entry of this order. Docs. 24-1 at 12; 31-1.

this lawsuit. In lieu of dismissal, Jones asks the court to allow him to amend the complaint to include the trustee as a party plaintiff. Doc. 26 at 1-2. The court will address first the judicial estoppel contention in Section A, followed by the jurisdictional issue in Section B.

## A. Judicial Estoppel

The doctrine of judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). "Judicial estoppel applies when (1) a party takes an inconsistent position under oath in a separate proceeding, and (2) the party's inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1339 (11th Cir. 2018) (quoting *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017)). A plaintiff takes an inconsistent position when he "assert[s] in the civil lawsuit that he has a claim against the defendant while denying under oath in the bankruptcy proceeding that the claim exists." *Id.*

To demonstrate Jones' inconsistent positions under oath, SSC contends that Jones failed to disclose his EEOC charge in his initial bankruptcy petition and also failed to amend his financial statements to reflect this lawsuit as an additional asset. Doc. 24 at 6-8. Indeed, the evidence indicates that although Jones filed his EEOC charge before his bankruptcy petition, he declared under the penalty of perjury in his petition that he had no pending claims against third parties, including

administrative proceedings. Doc. 24-1 at 14, 32. Thus, Jones violated his initial duty to disclose the pending EEOC charge. *See Barger v. City of Cartersville, Ga.*, 348 F.3d 1289, 1292 (11th Cir. 2003), *overruled on other grounds by Slater*, 871 F.3d at 1174 (citing 11 U.S.C. § 541(a)) (The "property of the bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy."); *Casanova v. Pre Sols., Inc.*, 228 F. App'x 837, 841 (11th Cir. 2007) (noting that "pending EEOC charges" constitute disclosable administrative proceedings and "other contingent and unliquidated claims.").

Moreover, Jones also had a continuing duty to amend his bankruptcy filings. This duty does not "end once the forms are submitted to the Bankruptcy Court; rather a debtor must amend his financial statements if circumstances change." *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1276 (11th Cir. 2010) (holding that the doctrine of judicial estoppel barred plaintiff's action because she failed to disclose her workers compensation claim in the initial bankruptcy petition and her subsequently filed discrimination suit as a contingent asset). The record indicates that Jones failed to amend his bankruptcy petition to disclose this lawsuit as a legal or equitable interest in his bankruptcy case, and Jones never explains why he failed to do so. Docs. 24-2; 26. *See Robinson*, 595 F.3d at 1274 (noting that the continuing duty to disclose applies in both Chapter 13 and Chapter 7 bankruptcies alike due to the need for complete and honest disclosures in all types of bankruptcies). Because Jones signed his bankruptcy petition "declar[ing] under

penalty of perjury that the information provided is true and correct," doc. 24-1 at 6, 30, the court finds that Jones maintained inconsistent positions under oath for at least 26 months[3] in proceedings before the Bankruptcy Court and this court.

The court must now determine if Jones' inconsistent position was designed to make a "mockery of the judicial system." *Slater*, 871 F.3d at 1180. Such a finding requires "intentional contradictions, not simple error or inadvertence." *Robinson,* 595 F.3d at 1275. However, rather than automatically assume that "less sophisticated debtors" intend to mock the judicial system by failing to properly disclose assets in bankruptcy proceedings, the court must consider "all the facts and circumstances of the particular case." *Slater,* 871 F.3d at 1178. This analysis includes

> the plaintiff's level of sophistication, whether and under what circumstances the plaintiff corrected the disclosures, whether the plaintiff told his bankruptcy attorney about the civil claims before filing the bankruptcy disclosures, whether the trustee or creditors were aware of the civil lawsuit or claims before the plaintiff amended the disclosures, whether the plaintiff identified other lawsuits to which he was party, and any findings or actions by the bankruptcy court after the omission was discovered.

*Id.*

These factors weigh against Jones. As an initial matter, the court cannot presume that Jones has a minimal level of sophistication. To the contrary, this was the second bankruptcy petition in which Jones was represented by his bankruptcy

---

[3]Jones filed for Chapter 13 bankruptcy in August 2016 without initially disclosing his EEOC charge, and the court only became aware of bankruptcy case after SSC filed a motion to dismiss in October 2018. *See* docs. 24, 24-1.

counsel. Docs. 24-1 at 7; 24-3 at 4, 24-4 at 1. Additionally, Jones only acknowledged his bankruptcy petition and pending equitable interest in this lawsuit after SSC exposed his inconsistency in the motion to dismiss. *See* doc. 24; *Dzakula v. McHugh*, 746 F.3d 399, 401–02 (9th Cir. 2013) ("[P]articularly in light of the timing of Plaintiff's amendment and her choice not to file a declaration explaining her initial error, no reasonable fact-finder could conclude that the omission was inadvertent or mistaken."). Moreover, Jones is only now making an effort to amend his petition and disclose this action in Bankruptcy Court which creates an inference of manipulation. *See Weakley v. Eagle Logistics,* 2017 WL 3781339, at *5 (N.D. Ala. Aug. 31, 2017), *aff'd*, 894 F.3d 1244 (11th Cir. 2018) (noting that the debtor created a "strong inference of intentional manipulation" because he made no efforts to amend his bankruptcy petition and did little to dispel this inference). In light of Jones' failure to adequately dispute the allegations of improper disclosure, or to offer a reason for why the judicial estoppel doctrine should not apply, the court "may infer deliberate or intentional concealment based upon the undisputed facts in the proceedings." *Id.* at * 4 ("Plaintiff's failure to amend his schedule of assets would not be fatal if the record supported Plaintiff's assertion that the omissions resulted from inadvertence or oversight."); *see De Leon v. Comcar Indus., Inc*., 321 F.3d 1289, 1292 (11th Cir. 2003) (holding that because the plaintiff "certainly knew about his claim and possessed a motive to

conceal it," the court could infer from the record his intent "to make a mockery of the judicial system").

The court turns next to Jones' efforts to amend his bankruptcy pleading after-the-fact in an effort to avoid application of the judicial estoppel doctrine. Jones asks the court to excuse his initial behavior in light of the subsequent amendment to his complaint in this court. The court declines to do so because "the Eleventh Circuit has not accepted a debtor's stratagem of waiting for the opposing side to raise the doctrine of judicial estoppel and then amending Bankruptcy schedules as a proper means of rectifying the fault and avoiding the consequences of judicial estoppel," *Bros. v. Bojangles' Restaurants, Inc*., 2013 WL 6145332, at *9 (N.D. Ala. Nov. 21, 2013). Indeed, the Eleventh Circuit has said that granting the relief Jones requests would allow debtors to "always undo the application of the judicial estoppel doctrine [and] render it toothless."[4] *Weakley v. Eagle Logistics*, 894 F.3d 1244, 1247 (11th Cir. 2018), *cert. denied*, No. 18-6694, 2019 WL 113407 (U.S. Jan. 7, 2019). For all these reasons, the court finds that Jones is estopped from pursuing monetary claims in this action. *See also Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1288-89 (11th Cir. 2002), *overruled on other*

---

[4] Recognizing "the risk that the application of judicial estoppel will give the civil defendant a windfall at the expense of innocent creditors," the Eleventh Circuit instructed that "equitable principles dictate that courts proceed with care and consider all the relevant circumstances." *Slater,* 871 F.3d at 1186. These relevant circumstances include the principles behind the doctrine – i.e. "[j]udicial estoppel serves to prevent the perversion of the judicial process and protect its integrity" – and the need to ensure that courts do not "render it toothless." *Weakley,* 894 F.3d at 1247.

*grounds by Slater,* 871 F.3d 1174, ("[J]udicial estoppel barred the plaintiff-appellant from pursuing claims for monetary damages, [but] the doctrine did not prohibit him from pursuing claims which add no monetary value to the bankruptcy estate.").

## B. Subject Matter Jurisdiction

SSC also argues that Jones lacks standing to pursue his Title VII employment claims because those claims belong to the bankruptcy estate and trustee. Doc. 24 at 13-15. Although SSC is correct that Jones lacks standing for monetary damages, *see* Section A, *supra*, the judicial estoppel doctrine does not prohibit Jones from "pursuing claims which add no monetary value to the bankruptcy estate," *Barger,* 348 F.3d at 1297. Additionally, in *Slater*, the Eleventh Circuit noted that "when a debtor's assets include a civil claim, the claim will be treated differently depending upon whether the bankruptcy is a Chapter 7 or a Chapter 13 proceeding." 871 F.3d at 1179–80. Although a Chapter 7 debtor forfeits his prepetition assets to the estate thereby giving the trustee standing to pursue civil claims, "a Chapter 13 debtor retains standing to continue to pursue the civil claim." *Id. See also* 11 U.S.C. § 1303; Fed. R. Bankr. P. 6009 ("With or without court approval, the trustee or debtor in possession may prosecute . . . any pending action or proceeding by . . . the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal."). Accordingly, SSC has failed to persuade the court it must dismiss the lawsuit in its entirely.

## IV. CONCLUSION AND ORDER

For these reasons, SSC's motion to dismiss, doc. 24, is **GRANTED** solely as to Jones' claims for monetary relief.  Consequently, Jones is **ESTOPPED** from seeking monetary relief for his Title VII employment claims against SSC.  Jones' motion to amend the complaint, doc. 28, is **DENIED.**  Jones may proceed with his claims for injunctive, declaratory, or other non-monetary relief.

In light of this decision, SSC's motion to stay discovery and other deadlines, doc. 25, is **MOOT**, and the Joint Motion to Extend Deadlines, doc. 30, is **GRANTED.**  Accordingly, the Scheduling Order, doc. 22, is **AMENDED** as follows:

2. **Discovery:** All discovery is to be commenced in time to be completed by September 10, 2019.

12. **Dispositive Motions:** All potentially dispositive motions should be filed by September 30, 2019.

15. **Additional Conferences:** Final Pretrial Conference will be held on March 11, 2020 at 10:15 a.m. at the Hugo L. Black, U. S. Courthouse in Birmingham, Alabama.

16. **Mediation**: In order to give the parties an opportunity to reconsider mediation, the court will issue an order referring this case to mediation on August 10, 2019 unless a party objects.

17. **Trial**: This case is set for trial on April 20, 2020 at 9:00 a.m. at the Hugo

L. Black, U. S. Courthouse in Birmingham, Alabama

    **DONE** the 9th day of May, 2019.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE